# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
October 16, 2002 Session

## STATE OF TENNESSEE v. WANDA HINSON

**Direct Appeal from the Circuit Court for Lewis County**
**No. 6023      Timothy L. Easter, Judge**

---

**No. M2000-02762-CCA-R3-CD - Filed September 27, 2002**

---

DAVID H. WELLES, J., dissenting.

I am unable to agree that the trial court's error in admitting the victim's hearsay statement is harmless error. I believe the error requires reversal of the conviction, and I therefore dissent.

The victim in this case clearly died a violent death. He sustained two separate fatal injuries. The medical examiner testified that his scull had been "bashed in" such that his brains were coming out of the hole in the scull. The witness testified that the wound could have been made by "any firm, hard object," such as a lead pipe, a baseball bat, a pool cue, or a steam iron. In addition, the medical examiner testified that the victim's throat and neck had been cut multiple times, "enough injury to the neck to completely transect or cut in two the trachea or the windpipe."

The victim's sister was allowed to testify that she talked to the victim a short time before he was killed. She stated that the victim seemed upset or fearful. The witness said she asked the victim what was wrong and "[h]e said Wanda was there." The implication is that this conversation took place very shortly before the killing. I believe the trial judge's "limiting" instruction only amplified the error: he instructed the jury that the statement was admitted only to establish the Defendant's presence near the time of the "murder."

The Defendant was on trial for first degree murder. The identity of the perpetrator was the primary factual issue. The condition of the body and the cause of death indicate at least an intentional killing. The jury convicted the Defendant of the "least serious" lesser included offense of criminally negligent homicide. The verdict suggests that the jury did not find the State's proof to be particularly strong.

Based upon my review of the evidence, I must conclude that the error in admitting the hearsay statement affirmatively appears to have affected the result of the trial. I would therefore reverse the Defendant's convictions for criminally negligent homicide and especially aggravated robbery, and remand for a new trial.

_____
DAVID H. WELLES, JUDGE